HELEN S. SIMMONS, RESPONDENT, *v.* JOSEPH W. H. HAVENS, APPELLANT.

*Evidence — when the existence and contents of a lost deed may be shown, without calling the subscribing witness thereto.*

APPEAL from a judgment, entered upon the verdict of a jury in favor of the plaintiff, in Yates county, and from an order denying a motion for a new trial made upon a case and exceptions.

This action was brought to recover the possession of a farm in Yates county, which the plaintiff alleged was conveyed to her by a deed duly executed by her mother, Jane Haskill, in the spring of 1865, her mother reserving a life estate therein.

The plaintiff further alleges that the deed was not recorded; that it was kept by her in the drawer of her bureau; that while she was absent from home, to get married, her mother being dissatisfied with her marriage, without her knowledge or consent took the deed from the drawer and burned it. That subsequently and in May, 1866, the mother conveyed the land by deed to the defendant Havens. That Havens at the time of taking such conveyance knew of the existence of the former deed and of the manner of its destruction.

Evidence was given tending to show the execution and delivery of the deed, and that it was signed by a subscribing witness and acknowledged before a justice of the peace.

The court at General Term, after holding that the evidence was sufficient to support the verdict, said: "It is further contended, on the part of the appellant, that if there was a subscribing witness to the deed then, that the execution was not properly proved and that the court erred in not granting a nonsuit.

"It is well settled that if a deed is attested by a subscribing witness, and the deed can be produced in court, the witness, if known and attainable, must be produced to prove its execution, or if he cannot be found or his testimony cannot be obtained, his writing must be proved. Or if his handwriting cannot be proved after diligent exertion for that purpose, the handwriting of the person who executed the deed must be proven. This, however, is not necessary in case the deed is actually acknowledged before an officer authorized

by the statute to take acknowledgment of deeds. In such case it may be admitted in evidence without further proof, even though it may have a subscribing witness.

"The evidence given tending to show that the instrument was in fact acknowledged has been already referred to.

"If, however, it was not acknowledged, then was it necessary that it should have been proved by the subscribing witness; or was it necessary to take the evidence of the subscribing witness before the testimony of others could be taken?

"If the deed had been destroyed as alleged, it could not be produced in court, and consequently it could not be determined from inspection of it whether or not it had a subscribing witness. Evidence that there was such an instrument, that the same had been lost or destroyed, must first be given *ex necessitate*. Whether or not there was a subscribing witness could then only be determined from the testimony of witnesses who had seen the instrument prior to its loss or destruction. The giving of such testimony to some extent involves the giving of evidence as to the contents and execution of the instrument. All this is necessary before it can be determined that there was a subscribing witness, and even then, as it was in this case, the fact of there being one may be controverted.

"The reason for requiring a subscribing witness to prove the execution of an instrument in existence and producible in court, is that his evidence is considered higher and better evidence than that of others, and for the reason that he can take the instrument, look at it, recognize and identify his own signature, and in that way may identify the instrument and refresh his recollection as to its execution.

"In case of the loss or destruction of the instrument the subscribing witness has no such advantage. It would be impossible for him to identify the instrument alleged to have been lost or destroyed, unless he himself had had the instrument in his possession subsequent to its execution and himself lost or destroyed it. If he could not identify the instrument lost or destroyed, he could not testify as to whether it bore his signature. Failing to do this, his evidence becomes of no higher or greater value than that of other eye witnesses to the transaction. (*Eslow* v. *Mitchell*, 26 Mich., 501, 502; *Ketcham* v. *Brooks*, 27 N. J. Equity, 347.)

" The appellant has failed to cite any case in which the question was raised and discussed, holding that the same rule prevails in reference to the proof of lost instruments by subscribing witnesses as to that of proving instruments present in court.

"In the case of *Blade* v. *Noland* (12 Wend., 173) it was held *ex necessitate* that a party is allowed to prove the loss or destruction of a paper preliminary to the introduction of inferior or secondary evidence. The same rule was declared in the case of *Chamberlain* v. *Gorham* (20 Johns., 144); so, also, in the case of *Metcalf* v. *Van Benthuysen* (3 N. Y., 424).

" The case of *Jackson* v. *Frier* (16 Johns., 193) was an action of ejectment. One Powers was called as a witness and testified that he was present at the execution of a deed of Allen to Loop, and then saw in possession of Allen a deed from the lessor, Livingston, and that one Heart and another person whose name the witness could not recollect were subscribing witnesses to the deed. The evidence was objected to, on the ground that it was not competent to give parol evidence of the contents of a pretended deed from Livingston to Allen without first proving its loss or destruction, and then proving its execution by one of the subscribing witnesses, or their handwriting in case it should appear that the subscribing witnesses were dead or without the jurisdiction of the court. The chief justice overruled the objection. The judgment was subsequently reversed on appeal, but not upon the ground that the deed was not proved by one of the subscribing witnesses, and no intimation appears in the court but that the ruling of the trial judge upon this branch of the case was proper.

" In the case of *Pelletreau* v. *Jackson* (11 Wend., 110–124) it was held that if a subscribing witness denies or is unable to prove the instrument, secondary evidence may be produced.

" We are therefore of the opinion that the rule for proving instruments by subscribing witnesses cannot be adhered to in all'of its strictness in making proof of instruments lost or destroyed, and that it was not necessary for the plaintiff to have called the subscribing witness to sustain her cause of action in this case. It was her duty to satisfy the jury, upon clear and satisfactory proof, that a deed from her mother to her had been executed according to the provisions of the statutes and delivered to her, and that such deed

had been destroyed, and that the defendant knew or had notice of the existence and destruction of the deed at or before the time he took title to the premises in question; by doing this she was entitled to recover."

*D. Morris*, for the appellant.

*William S. Briggs*, for the respondent.

Opinion by HAIGHT, J.; SMITH, P. J., and HARDIN, J., concurred.

Judgment and order affirmed.